# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| BARBARA A. EVANS-GRAY, | ) | |
| | ) | Case No. 1:26-cv-52 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Mike Dumitru |
| KOCH FOODS, | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Before the Court is Magistrate Judge Mike Dumitru's report and recommendation (Doc. 9) and Plaintiff's objections to the report (Doc. 10). For the following reasons, the Court will **ACCEPT and ADOPT** Judge Dumitru's report and recommendation (Doc. 9) to the extent he recommends dismissal of Plaintiff's ERISA[1] and ADA[2] claims. The Court will refrain from dismissing Plaintiff's racial-discrimination claim and will allow Plaintiff one more opportunity to amend her complaint.

## I.     BACKGROUND

Plaintiff filed the present action on March 2, 2026, and moved for leave to proceed in forma pauperis. (*See* Docs. 1, 2.) Judge Dumitru conducted his first screen of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) on March 20, 2026. (*See* Doc. 7.) In her complaint, Plaintiff alleged that Defendant Koch Foods "discriminated and retaliated against her in violation of Title II, VI, and VII of the Civil Rights Act; 42 U.S.C. § 1981 (Civil Rights Act of

---

[1] "ERISA" refers to the Employee Retirement Income Security Act.

[2] "ADA" Americans with Disabilities Act.

1964); CRED (Civil Rights Enforcement Division); (ADA) Act of 1990; (ACA) Affordable Care Act; ERISA (29 U.S.C. § 1981)." (Doc. 7, at 3–4 (citation modified); *see also* Doc. 2, at 3.) Judge Dumitru found that "Titles II and VI of the Civil Rights Act appear to have no application or relevance to this case whatsoever." (Doc. 7, at 5.) He also found that "Plaintiff [did] not include any facts to suggest she was discriminated against because of her membership in a protected class." (*Id.* citation modified).) Judge Dumitru ultimately concluded that Plaintiff failed to state a claim under any of the statutes she cited due to the limited factual allegations in her complaint. (*See id.*)

However, Judge Dumitru allowed Plaintiff another opportunity to state a valid claim and ordered her to file an amended complaint by April 17, 2026. (*Id.* at 5–6.) Plaintiff filed her amended complaint on April 8, 2026. (*See* Doc. 8.) In her amended complaint, Plaintiff asserted (1) a racial discrimination claim premised upon alleged exchanges with supervisors at work (*id.* at 1), (2) an ERISA and ADA claim premised upon Defendant's alleged refusal to provide Plaintiff with benefits information (*id.* at 2), (3) a failure-to-accommodate claim pursuant to the ADA (*id.* at 2–3), and (4) additional ERISA claims premised upon Defendant's alleged failure to provide COBRA-related[3] benefits information (*id.* at 3–4).

Judge Dumitru issued the present report and recommendation on April 23, 2026. (*See* Doc. 9.) After screening Plaintiff's complaint a second time, Judge Dumitru again determined that Plaintiff failed to state a claim. Specifically, Judge Dumitru found that Plaintiff (1) failed to allege any facts that suggested she was discriminated against due to her race or gender (to the extent Plaintiff attempted to assert a gender-discrimination claim) (*id.* at 4.), (2) did not allege facts that suggested Defendant retaliated against her due to a disability (*id.* at 5), (3) failed to

---

[3] "COBRA" refers to the Consolidated Omnibus Budget Reconciliation Act.

state a claim pursuant to ERISA § 502(c)(1) because she did "not allege that Defendant is the plan administrator" and because her requests for information were not sufficiently clear to "give notice to Defendant to provide specific documents," (*id.* at 6–7), (4) insufficiently alleged a claim that "Defendant retaliated against her in violation of ERISA after she contacted the [Department of Labor]" because she failed to allege that Defendant "was even aware of Plaintiff's contact with the DOL or the fact that the DOL sent Plaintiff benefits information," (*id.* at 8), (5) insufficiently alleged a failure-to-accommodate claim because she did not allege that she requested a reasonable accommodation (*id.* at 11–12), and (6) insufficiently alleged her remaining ERISA claims because she did not allege that she experienced a "qualifying event" that would have required Defendant to provide her with COBRA information (*id.* at 13–14).

Plaintiff objected to Judge Dumitru's report and recommendation on May 4, 2026 (*see* Doc. 10), and the report and recommendation is ripe for review.

## II.     STANDARD OF LAW

The filing of timely objections to a magistrate judge's report and recommendation "requires the court to 'make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (citation modified). "This de novo review, in turn, requires this court to reexamine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Byrd v. Knox Cnty. Schs.*, No. 3:22-CV-373, 2023 WL 11897636, at *2 (E.D. Tenn. Apr. 19, 2023).

"Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were

addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Id.* (citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver*, 304 F. Supp. 2d at 937. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Additionally, a party generally waives an argument on objection when the party fails to raise the argument before the magistrate judge. *See The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that the Sixth Circuit has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *Odell v. Kalitta Air, LLC*, 107 F.4th 523, 533 (6th Cir. 2024) ("If a party raises an issue for the first time in objections to a magistrate judge's report and recommendation, we generally consider it to be forfeited." (internal citation, alteration, and quotations omitted)); *but see Morgan v. Trierweiler*, 67 F.4th 362, 367–69 (6th Cir. 2023) (finding that waiver applies when a party makes a "novel argument" on objection, but not when a party implicitly raises the issue before the magistrate judge).

### III.     ANALYSIS

Plaintiff argues that Judge Dumitru erroneously determined that she failed to state a racial-discrimination claim because he mischaracterized her racial-discrimination claim as a gender-discrimination claim. (*See* Doc. 10, at 1.) The remainder of Plaintiff's briefing is devoted to revising or adding to the allegations contained in her amended complaint. (*See id.* at 1–5.) Plaintiff also requests leave to amend her complaint for a second time should the Court agree with Judge Dumitru's report and recommendation. (*Id.* at 4.)

4

Judge Dumitru did not mischaracterize Plaintiff's racial-discrimination claim in his report and recommendation. He explicitly found that Plaintiff did not allege any facts that supported a "plausible inference that she was discriminated against with respect to the terms and conditions of her employment because of her race." (Doc. 9, at 4 (citation modified).) Judge Dumitru only determined that Plaintiff failed to state a claim for gender discrimination "[t]o the extent" she attempted to do so, as the nature of her claim was unclear. (*See* Doc. 8, at 1 (alleging only that Plaintiff filed a charge for racial discrimination with the Equal Employment Opportunity Commission with no other factual allegations that referenced racial discrimination).) Accordingly, this objection presents no valid basis to disturb Judge Dumitru's conclusion.

Additionally, the Court will disregard Plaintiff's new factual allegations to the extent she intends to rely on them in objection to Judge Dumitru's report and recommendation. As stated above, a party generally waives an argument on objection when the party fails to raise the argument before the magistrate judge. (*See supra* Section II.) The Court will apply this rule here, as Plaintiff had two opportunities to state a claim before Judge Dumitru. (*See* Docs. 2, 8.) Similarly, Plaintiff's efforts to modify the factual allegations she has already presented do not demonstrate that Judge Dumitru errored in any way. *See VanDiver*, 304 F. Supp. 2d at 937 (explaining that an objection that "simply summarizes what has been presented before" is ineffective).

The Court will, however, grant Plaintiff a final opportunity to amend her complaint. Although Plaintiff has not moved for leave to amend in a procedurally appropriate manner*, see Doe (K.H.) v. R-Roof VI LLC*, No. 23-CV-11422, 2025 WL 97620, at *7 (E.D. Mich. Jan. 14, 2025) (explaining that "a bare request" in opposition to dismissal without any indication of the particular grounds on which amendment is sought "does not constitute a motion within the

5

contemplation of Rule 15(a)") (citation modified), she has listed new factual allegations in her briefing that suggest she may be able to state a claim for racial discrimination.[4] (*See* Doc. 10, at 1 (asserting that her supervisors covered for her white coworkers' mistakes and identifying a potential comparator).) Considering Plaintiff's pro se status, the Court finds that the interests of justice dictate that Plaintiff be provided with one more opportunity to state her racial-discrimination claim.[5] *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018) ("Leave to amend should be 'freely' granted 'when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)).

### IV.     CONCLUSION

For the foregoing reasons, the Court **ACCEPTS and ADOPTS** Judge Dumitru's report and recommendation to the extent he recommends dismissal of Plaintiff's ERISA and ADA claims. These claims are **DISMISSED WITH PREJUDICE**. While Judge Dumitru also correctly found that Plaintiff failed to state a claim for racial discrimination, the Court will allow Plaintiff a final opportunity to state this claim. Plaintiff is hereby **ORDERED** to file a second proposed amended complaint on or before **June 8, 2026**, if she intends to pursue her remaining claim. The Court will review this proposed amended complaint to determine if her proposed amendments are futile. Plaintiff **SHALL** only include allegations relevant to her racial-

---

[4] While the Court disregards Plaintiff's new factual allegations to the extent she intends to rely on them in objection to Judge Dumitru's report and recommendation, it considers the allegations to the extent Plaintiff uses them to support her request for leave to amend her complaint.

[5] The Court notes that Plaintiff has not shown that an additional opportunity to amend her other claims is warranted. Plaintiff's new or revised allegations pertaining to her ERISA and ADA claims do not suggest she will state a valid claim. Plaintiff has essentially had three opportunities to state her claims. Another chance to amend is not warranted for these claims. *See Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Repeated failure to cure deficiencies by amendments previously allowed is grounds for denying a motion to amend a complaint.") (citation omitted). As such, the Court will only allow Plaintiff leave to amend to the extent she intends to pursue her racial-discrimination claim.

discrimination claim, and the Court will disregard any unrelated allegations. Plaintiff is hereby

**ON NOTICE** that the Court will dismiss her remaining claim pursuant to Federal Rule of Civil

Procedure 41(b) if she does not meet the Court's deadline.

  **SO ORDERED.**

        */s/ Travis R. McDonough*
        **TRAVIS R. MCDONOUGH**
        **UNITED STATES DISTRICT JUDGE**